
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30042 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00192-BLW |
| v. | |
| OCARIO ROMERO-HERNANDEZ, a.k.a. Ocario Hernandez, a.k.a. Ocario Hernandez-Romero, a.k.a. Ocario Romero, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Ocario Romero-Hernandez appeals from the district court's judgment and

challenges the 57-month sentence imposed following his guilty-plea conviction for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.
We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Romero-Hernandez contends that his sentence is substantively unreasonable. He argues that the application of the 16-level enhancement to his base offense level was unduly harsh in light of the nature of his prior drug offense and his personal characteristics. The district court did not abuse its discretion in imposing Romero-Hernandez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Romero-Hernandez's criminal history and the need for deterrence. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**